IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICIA W. BUCKMASTER,  §  <br> §  <br> Plaintiff, §  <br> § Civil Action No. 3:04-CV-2334-M <br> v. §  <br> §  <br> XEROX CAPITAL SERVICES, LLC, §  <br> §  <br> Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a "Motion to Compel Arbitration and to Stay, or in the Alternative, Dismiss Proceedings Pending Arbitration", filed by Defendant Xerox Capital Services, LLC ("Xerox") on April 5, 2005. Plaintiff, proceeding *pro se*, is a former employee of Xerox, who asserts claims of age, disability and "reverse-race" discrimination. Xerox argues Plaintiff's claims should be stayed or dismissed, because they are subject to a binding arbitration agreement that Plaintiff signed at the time she was hired. Plaintiff has not filed a Response to Xerox's Motion.

In ruling on a Motion to Compel Arbitration, the Court engages in a two-step inquiry. It first determines whether there is a written agreement to arbitrate, and then determines whether the parties' dispute falls within the scope of that agreement. *In re Hornbeck Offshore Corp.*, 981 F.2d 752, 755 (5th Cir.1993). If both elements are satisfied, the Federal Arbitration Act ("FAA") requires the Court to stay the matter, unless the party resisting arbitration proves that "Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 227 (1987); 9 U.S.C. § 3 (2005).

In light of the evidence and factual allegations advanced by Xerox, and Plaintiff's failure to

respond in opposition to its Motion, the Court concludes that: (1) on December 6, 2001, Plaintiff signed a form entitled "Acknowledgment - Conditions of Employment", in which she expressly agreed to be bound by the arbitration agreement contained within RESOLVE, Xerox's alternative dispute resolution process; and (2) RESOLVE's arbitration agreement facially encompasses the employment discrimination claims brought by Plaintiff.[1] The Court further concludes that enforcement of the arbitration agreement in this case will not offend any statute, or other expression of congressional intent to preclude waiver of judicial remedies. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) ("arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law").

Accordingly, the Court must stay Plaintiff's claims pending arbitration, or alternatively, dismiss them. *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999) ("If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate"). The Fifth Circuit has suggested that dismissal of claims is preferable to stay, in cases where "retaining jurisdiction and staying the action will serve no purpose." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Since each of Plaintiff's claims are subject to the parties' arbitration agreement, the Court does not find any valid purpose would be served by retaining jurisdiction over this matter. The Court thus exercises its discretion to dismiss.

Therefore, the Court finds Xerox's Motion should be GRANTED. The parties are hereby ORDERED to arbitrate Plaintiff's claims, pursuant to the terms of Xerox's RESOLVE program. It

---

[1] The document signed by Plaintiff reads "I agree, as a condition of employment, to waive the right to pursue covered claims (as defined in the glossary in the RESOLVE guidelines and handbook) in court and to accept an arbitrator's award as the final, binding, and exclusive determination of all covered claims." The definition of "covered claims" in the RESOLVE handbook includes "employment discrimination and harassment claims" based on, among other things, the employee's age, race and disability.

is further ORDERED that Plaintiff's claims against Defendant are DISMISSED, with prejudice to their being reasserted except in arbitration and in actions upon the arbitration award, with costs to be borne by the party incurring same. The Clerk of Court is directed to close this case.

    **SO ORDERED.**

    **DATED**: May 27, 2005.

                                                             _____
                                                             Barbara M. G. Lynn
                                                              UNITED STATES DISTRICT JUDGE